UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MARION MAUPIN,

                Plaintiff,

    - against -

SUFFOLK COUNTY CORRECTIONAL
FACILITY and CO POLIZZI, Badge # 2036,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-2091 (PKC) (JMW)

PAMELA K. CHEN, United States District Judge:

    Plaintiff Marion Maupin ("Plaintiff"), who is currently incarcerated at Suffolk County Correctional Facility, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Compl., Dkt. 1.) The Court grants Plaintiff's application to proceed *in forma pauperis*, (Dkt. 2), pursuant to 28 U.S.C. § 1915. For the reasons stated below, the Court *sua sponte*—meaning, of its own accord—dismisses this action with leave to file an amended complaint within 30 days.

## BACKGROUND

    Plaintiff brought this action on April 9, 2025. (Compl., Dkt. 1.) Defendants are the Suffolk County Correctional Facility, which is an agency of Suffolk County, and Correction Officer ("C.O.") Polizzi, Badge No. 2036. (*Id.* at 3.) Plaintiff brings his claims under Section 1983 and seeks $750,000 in compensatory and punitive damages. (*Id.* at 5.)

    When Plaintiff arrived at intake at the Yaphank Correctional Facility in Suffolk County on January 25, 2025, he informed medical staff that he has difficulty breathing because of a collapsed lung from an earlier stabbing. (*Id.* at 4.) On March 1, 2025, he was maced by correction officers even though he "had stopped fighting [and] was not a threat to anyone." (*Id.*) Plaintiff claims that he was not given water for more than ten minutes and was not allowed to shower until the next

day. (*Id.*) He states that his breathing has been worse since the incident and that he has burn marks on his skin as a result of not being given water immediately. (*Id.*)

## LEGAL STANDARD

A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted). Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Moreover, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). However, if a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. To

bring a claim pursuant Section 1983, a plaintiff must demonstrate that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (internal citations omitted). Furthermore, a plaintiff must show that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Cash v. County. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011), *cert. denied*, 565 U.S. 1259 (2012) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (internal citation omitted)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985).

Here, Plaintiff fails to allege any action by the named Defendants in violation of his constitutional rights. Plaintiff names an individual Defendant, C.O. Polizzi, but does not allege that this individual was involved in the incident on March 1, 2025, or otherwise took any action in violation of Plaintiff's constitutional rights. Plaintiff also names the Suffolk County Correctional Facility as one of the Defendants but does not plead that the alleged facts reflect "official municipal policy" or custom attributable to Suffolk County. *Cash*, 654 F.3d at 333. Therefore, Plaintiff's Section 1983 claims against the named Defendants are dismissed for failure to state a claim upon which relief can be granted.

However, in light of Plaintiff's *pro se* status, he is granted leave to file an amended complaint within 30 days in which he must identify the individual or individuals whom he believes to have been personally responsible for the alleged deprivation of his civil rights. If he does not know the name and badge number of these individuals, he may identify them as C.O. John Doe or Medical Officer Jane Doe #1, or similar, and provide a physical description and details of what the defendants did or failed to do in violation of Plaintiff's civil rights. If C.O. Polizzi was involved, Plaintiff should explain the role C.O. Pizzoli played in the alleged deprivation of Plaintiff's civil rights. Any amended complaint must be captioned "Amended Complaint" and bear the same docket number as this order. Plaintiff is reminded that an amended complaint completely replaces all prior pleadings.

## CONCLUSION

For the reasons set forth above, the named Defendants are dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is given leave to file an amended complaint as directed above. No summons shall issue at this time, and all further proceedings shall be stayed for thirty (30) days. If Plaintiff fails to file an amended complaint within thirty days, the complaint will be dismissed, and judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 29, 2025
Brooklyn, New York

4